■ FRANK J. BAUER, as Administrator of the Estate of MICHELINE BAUER, Deceased, et al., Respondents, v. HENRY C. SHARKEY et al., Appellants.— Judgment unanimously affirmed, with costs to respondents. There was sufficient evidence of negligence on the part of defendant Town of Babylon as well as of defendant Sharkey to support the verdicts in favor of the administrators of the estates of the three deceased infants. Admittedly, the condition of the pavement and shoulder of the highway was not clearly and indisputably established, but engineer Birs testified that " the shoulder is part of the pavement ", and that there was no mark on the road to indicate where the edge of the pavement met the paved shoulder. There was evidence that the shoulder was 10 feet wide and that the accident happened within 5 feet of the grass on the right side of the highway. Hence, the jury could find that the accident happened on the paved shoulder; and it was not error, as claimed by appellants, for the court to charge that there was some evidence that the plaintiffs' intestates were on the shoulder when struck. Actually the court merely charged that such was plaintiffs' claim. The highway had pavement 60 feet wide, but there were no lane markings as required by section 111 of the New York State Manual of Uniform Traffic Control Devices (15 NYCRR 262.4) for highways of this character, as authorized by section 1682 of the Vehicle and Traffic Law. Such lane markings would have been of assistance to a motorist, particularly at night, in driving on the portion of the highway designed for vehicular use and the jury could find that the failure of the defendant town to provide the markings as required by

law was a proximate cause of this accident. The negligence which plaintiffs charged to the town was the violation of the above statute and traffic code and not the creation and maintenance of a dangerous highway condition. However free from accidents this road was prior to October 1, 1960, when section 1682 of the Vehicle and Traffic Law and the New York State Manual of Uniform Traffic Control Devices became effective as to it, that fact could not efface the violation of the statute which took effect on October 1, seven days before the accident at bar, and could not be received to nullify the violation. At best such fact would be relevant to the question of proximate cause of the violation of the statute with respect to this accident, and upon the evidence in this case there was no substantial error for the court to decline to charge the jury that they could consider the lack of evidence of any prior similar accident in the area. Although the court at first refused to charge subdivision (b) of section 1156 of the Vehicle and Traffic Law, that if the jury found that plaintiffs' intestates were walking on the right side of the road instead of on the left as provided in said statute where sidewalks are not provided, they should find for the defendants, it later reversed itself and granted the request to so charge to the extent of charging the words of the statute as read by counsel requesting it. In doing so the court did not repeat the requested charge nor did defendants request that such be done; and no exception was taken. Another request, that the court charge that a violation of the statute, if found, would be evidence of negligence, was properly refused, because counsel did not relate it to any particular statute. Moreover, the foregoing requests to charge a statute failed to take into account that the intestates were 14-year-old infants. A majority of this court are of the opinion that even with infants as old as these the requests were too broad and were originally properly refused; and later, one was improperly granted in favor of appellants, for failure to explain to the jury that the statute would apply only if they should find that the infants, on the basis of their ages, experience, intelligence and development, had the mental capacity to understand its meaning and to comply therewith. (*Van* v. *Clayburn*, 21 A D 2d 144.) No reversible error, therefore, is found herein. The charge with respect to the measure of damages was meager, but we do not find reversible error therein nor in the refusal to charge that the parents' pecuniary damages must be reduced by the cost of rearing and educating each child (see *Keenan* v. *Brooklyn City R. R. Co.*, 145 N. Y. 348), in view of the modest size of the verdicts. Concur — Breitel, J. P., Stevens, Eager, Steuer and Witmer, JJ.